(69 Misc. Rep. 639.)

### CARLEW v. McGUIRE.

(Supreme Court, Appellate Term.   December 8, 1910.)

1. TRIAL (§ 178*)—DIRECTION OF VERDICT FOR PLAINTIFF—RESERVATION OF DECISION ON MOTION TO DISMISS COUNTERCLAIM.

When defendant has the affirmative, and plaintiff moves for a directed verdict on the pleadings and on defendant's opening, and also for a dismissal of a counterclaim, it is improper to direct a verdict for plaintiff forthwith and reserve decision on the motion to dismiss the counterclaim.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 178.*]

2. TRIAL (§ 165*)—DISMISSAL OF COUNTERCLAIM WITHOUT HEARING EVIDENCE.

A motion, made on the pleadings and on the opening for defendant, to dismiss his counterclaim for breach of a contract, should not be granted

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

without hearing his evidence, where, even if he were unable to prove the value of the profits of his contract, he might prove some damages from its breach.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 373, 374; Dec. Dig. § 165.*]

Appeal from City Court of New York, Trial Term.

Action by James Carlew against Samuel A. McGuire. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before GUY, PLATZEK, and GAVEGAN, JJ.

Flannagan & Erskine (Dallas Flannagan and C. R. Waterbury, of counsel), for appellant.

Ferriss, Roeser & Storck (Herman C. Storck, Henry A. Mark, and Norman Wilmer Chandler, of counsel), for respondent.

GAVEGAN, J.   The action was brought to recover $1,000 and interest, alleged to be due upon a certain promissory note made by the defendant to the order of the plaintiff.   The answer of the defendant admits the amount due on the note, but sets up, by way of separate defense, a counterclaim of $100,000 damages for a breach of written contract.

At the trial it was conceded that the defendant had the affirmative, and his counsel opened the case by substantially repeating the allegations contained in the counterclaim.   Prior to the trial, and before the service of plaintiff's reply, the defendant, upon demand, served upon the plaintiff a bill of particulars.   After the opening by defendant's counsel, counsel for the plaintiff moved upon the pleadings and the bill of particulars, and upon the opening, to dismiss the counterclaim set forth in the answer of the defendant, and for a direction of a verdict for $1,000 as admitted in the answer, with interest.   The court reserved its decision on the motion made by the plaintiff to dismiss the counterclaim, and by its direction the jury found a verdict for $1,031.80.   This was on April 25, 1910.   On June 16, 1910, the court rendered a decision dismissing the defendant's counterclaim, and directing that the plaintiff have judgment against the defendant for $1,000, with interest, which judgment was entered June 27, 1910.

When the defendant has the affirmative, and plaintiff moves for a direction of a verdict on the pleadings and on defendant's opening, and also for a dismissal of the counterclaim, it is improper practice for the court to direct a verdict for the plaintiff forthwith and reserve decision on the motion to dismiss the counterclaim, as, in the event of a denial of the motion to dismiss the counterclaim, the verdict for plaintiff would be premature.   In this case nearly two months elapsed between the direction of the verdict and the decision granting the motion to dismiss the counterclaim.

But, aside from the question of practice, I think the court erred in dismissing the counterclaim without hearing any evidence.   Even if the defendant were unable to prove the value of the profits of his contract, he might still have been able to prove some damages as a

result of the plaintiff's breach thereof. Bernstein v. Meech, 130 N. Y. 354, 29 N. E. 255.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.